*Supp. 30 Opinion
BIGELOW, J.
Appellant-tenant appeals from an adverse judgment in an unlawful detainer case. It was admitted at the trial that appellant had not paid rent due from November 1976 to the date of trial. Appellant’s proffered defense, not allowed by the trial court, was that respondent’s failure to provide adequate security guards constituted a breach of the warranty of habitability.
In determining what the terms of the lease were which existed between plaintiff and defendant, the trial court considered only exhibit I (in evidence at trial), a copy of the written month-to-month lease, excluding from evidence defendant’s proffered documentary evidence consisting of a copy of “Resident Handbook” distributed by plaintiff and a copy of King’s Manor’s letter “Welcome to King’s Manor Townhouse Apartment” also distributed by plaintiff. The handbook contains a section on “Security” which assures the tenant that security is a vital element in the management plan and that for the tenant’s protection around-the-clock security guards are provided. The welcoming letter specifically states that the handbook is a part of the tenant’s lease “by reference.” Exclusion of defendant’s proffered evidence was error. (See Masterson v. Sine (1968) 68 Cal.2d 222 [65 Cal.Rptr. 545, 436 P.2d 561].)
A landlord’s duty to provide security measures to protect tenants against crime because of his control of the areas of common use in an apartment complex can be a part of the implied warranty of habitability (see Kline v. 1500 Massachusetts Ave. Corp. (1970) 439 F.2d 477 [43 A.L.R.3d 311]) and certainly can become a part of the duty owed to tenants by express terms of a lease.
The breach of the terms of an implied warranty of habitability may be raised as a defense by the tenant in the landlord’s unlawful detainer action. The tenant’s duty to pay rent is mutually dependent on the landlord’s fulfillment of his implied warranty of habitability.
The landlord’s breach of such warranty can be directly relevant to the issue of possession. The “repair and deduct” remedy of Civil Code sections 1941 to 1942.1 is not an exclusive remedy and does not preclude the recognition of a common law warranty of habitability nor limit the amount the tenant would be entitled to offset by such a defense. (Green v. Superior Court (1974) 10 Cal.3d 616 [111 Cal.Rptr. 704, 517 P.2d 1168].)
*Supp. 31 The judgment is reversed with directions to the trial court on retrial to (1) admit defendant’s proffered evidence as indicated in this opinion (unless subject to other exclusionary rules); (2) determine the terms of the lease with regard to security; and (3) to determine whether or not plaintiff breached an express or implied warranty of habitability and the extent thereof, if any, and to render judgment accordingly. Appellant to recover his costs on appeal.
Cole, P. J., and Pacht, J., concurred.